KAUTZ v McFERIN

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3407. Decided Feb. 3rd, 1942

Addison & Addison, Columbus, for plaintiff-appellee.

M. A. Coughlin, Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

Plaintiff's action against the defendant was one for damages allegedly sustained for claimed false arrest or malicious prosecution.

A verdict was returned for plaintiff in the sum of $3157.50. Motion for new trial was duly filed setting out nine separate grounds. The motion for new trial was overruled and judgment entered upon the verdict for the full amount. Appeal was duly filed on questions of law.

Under the assignment of errors counsel for appellant sets out a single specification as follows: "The court erred in refusing defendant-appellant's request to give §11420-16 GC."

At the close of the testimony and before argument counsel for defendant presented a special request to charge, which the Court gave. Immediately thereafter and before argument counsel for defendant made the following request:

"Your Honor, please, at this time, the defense moves that there be returned a special verdict in writing towards any or all of the issues which this case presents, **if a verdict be for the plaintiff**, and that by virtue of §11420-16 the request was made". (Emphasis ours.)

Following this request the following colloquy appears between counsel and the Court:

"MR. ADDISON, (Attorney for Plaintiff): Have you got the special verdict?

"MR. COUGHLIN, (Attorney for Defendant): No.

"MR. ADDISON: What do you mean, do you expect the jury to make it up?

"MR. COUGHLIN: That is the law.

"THE COURT: Well, if you have a special verdict for them prepared, I will be glad to submit it.

"MR. ADDISON: That is just general authority—

"THE COURT: Do you have none to submit at this time?

"MR. COUGHLIN: No. No. I specifically quote §11420-16.

238

"MR. ADDISON: Well, it is just authority for doing that, under §11420-16 unless otherwise directed by the court, the jury may return either a general or a special verdict. Of course the general verdict is on all the issues—

"MR. COUGHLIN: I just refer you to the Code, that is my answer.

"MR. ADDISON: Well, you ought to be fair with the Court. You are not suggesting to the Court any particular facts that you want the jury to find, are you?

"MR. COUGHLIN: I said it may find for the plaintiff, that is what I want.

"THE COURT: The Court, of course, will not deny the request, but no special form having been proffered and submitted to the Court at this time, the request is denied."

And thereupon after argument by counsel to the jury, the Court charged the jury as follows, (then follows the charge of the Court, without any further reference to special request.)

At the close of the Court's charge Mr. Coughlin spoke as follows:

"If the Court please, I have one request that I would like to submit. I want permission to have the record show denial of my motion that I made and save my exceptions.

"THE COURT: The record may so show. The jury may now retire. "MR. COUGHLIN: Note a general exception to the charge of the court as given."

Counsel for defendant-appellant makes the claim in substance that under the state of the record it was the mandatory duty of the trial court to present to the jury a special verdict. This claim is predicated entirely upon the provisions of §11420-16, GC, which reads as follows:

"Sec. 11420-16. COURT TO DIRECT A SPECIAL VERDICT, WHEN.—When requested by either party, the court shall direct the jury to give a special verdict in writing, upon any or all issues which the case presents."

Sec. 11420-14 GC, defines a special verdict as follows:

"A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law."

A general verdict is defined under §11420-13 GC.

Sec. 11420-15 GC, provides in substance that the jury, unless otherwise directed by the court, may render either a general or special verdict in all actions.

It must be noted that under the provisions of §11420-16, GC, taken in connection with §11420-14 GC, the jury finds facts only as established by the evidence. It necessarily follows that when a special verdict is returned the jury should not return a general verdict. It will be noted that counsel's request for a special verdict does not conform to the statute either in letter or in spirit. The request for special verdict was made conditionally, "if a verdict be for the plaintiff". Under a special verdict the jury are not to make a finding for eith-

er of the parties. The jury merely finds facts from which the Court draws conclusions of law and thereafter finds from the facts what the judgment shall be. If counsel in his request for special verdict had left out the words, "If a verdict be for the plaintiff", then there would have been presented the question which counsel for appellant desires to have determined.

Apparently counsel for appellant was confusing the provisions of §11420-17 GC, in his request for special verdict. Under the last section above mentioned there is a provision that when the jury returns a general verdict they may be directed especially to find upon particular questions of fact to be submitted in writing. This section directly provides that these special findings of fact are to be returned if the jury returns a general verdict.

The Supreme Court of Ohio in the case of **Doud-Feder Co. v Schreyer, 124 Oh St 504,** in the opinion on page 511, called attention to the distinction between special verdict and special findings upon particular questions of fact. Judge Mathias, delivering the opinion of the Court, mentions that the distinctions are frequently confused, and therefore quotes the provisions of the several sections relative to various kinds of verdicts.

The fact that counsel for appellant asserted that he was making his request under §11420-16 GC, does not cure the infirmities that existed in such request. When the statement was made that he desired a special verdict in the event a verdict be returned for the plaintiff, it contemplated that he was anticipating a general verdict, and was only making his request for a special verdict in the event a general verdict was returned.

We have considered whether or not the language of his request was broad enought to require the Court to instruct the jury to find upon particular questions of fact as stipulated under §11420-17 GC. This section affords no relief for the reason that it requires the particular questions to be stated in writing, and no such request was made.

It is our conclusion that defendant's request for special verdict in the event a verdict be returned for the plaintiff was not warranted under the pertinent sections of the code and hence the trial court was within his right in overruling defendant's request.

Finding no prejudicial error the judgment of the trial court will be affirmed and costs in this Court adjudged against appellant.

Cause remanded for collection of costs and such further proceedings as are authorized by law.

GEIGER, PJ., and HORNBECK, J., concur.